**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Tajrick CONAWAY, Defendant–Appellant.**

**No. 10–12154
Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Nov. 9, 2010.

Sharon T. Ratley, U.S. Attorney/Middle District of Georgia, Donald L. Johstono, George F. Peterman, III, U.S. Attorney's Office, Macon, GA, Dean Soble Daskal, Atlanta, GA, for Plaintiff–Appellee.

Tajrick Conaway, Beaver, WV, pro se.

248

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

On August 29, 2000, appellant having pled guilty to a two-count indictment charging him with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and possession of marijuana, in violation of 21 U.S.C. § 844, was sentenced by the district court to concurrent prison terms of 292 months.[1] Subsequently, in *United States v. Conaway*, 326 Fed.Appx. 545 (11th Cir.2009), we affirmed the district court's denial of appellant's motion to reduce his sentences pursuant to 18 U.S.C. § 3582(c).

Following the issuance of the mandate, appellant, on August 18, 2009, moved the district court pursuant to Fed.R.Civ.P. 60(b)(6) to amend its order denying him § 3582(c) relief. The court denied the motion on April 7, 2010. Appellant moved the court under Fed.R.Civ.P. 59(c) to reconsider its April 7 order denying Rule 60(b)(6) relief. The court denied the Rule 59(c) motion on April 27, 2010, and appellant now appeals that ruling.

A motion filed under § 3582(c)(2) "is not a civil post-conviction action, but rather a continuation of a criminal case." *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.2003). Thus, a defendant cannot employ Rule 60(b) to challenge the district court's denial of § 3582(c) relief. *Id.* (holding that appellant could not use Rule 60(b)(4) to attack the district court's order denying his § 3582(c)(2) motion). In short, the district court lacked jurisdiction

to entertain appellant's motions under Rule 60(b)(6).

AFFIRMED.

---

1. Appellant was sentenced as a career offender under U.S.S.G. § 1B1.1. The Guidelines sentencing range was 292 to 365 months.